Mr. Daniel S. McIntyre County Attorney St. Lucie County 2300 Virginia Avenue Fort Pierce, Florida 34982-5652
Dear Mr. McIntyre:
On behalf of the Board of County Commissioners of St. Lucie County, you have asked substantially the following question:
 Is the St. Lucie County-Fort Pierce Fire District an independent special district as defined in s. 200.001(8)(e), F.S., and s. 200.001(8)(e), F.S., as amended by s. 57, Ch. 89-169, Laws of Florida, so that the ad valorem millage levied by the district is not included in the 10 mills that St. Lucie County may levy pursuant to s. 200.071, F.S.?
In sum:
 The St. Lucie County-Fort Pierce Fire District is an independent special district within the scope of s. 200.001(8)(e), F.S., and s. 200.001(8)(e), F.S., as amended by s. 57, Ch. 89-169, Laws of Florida, and may levy ad valorem taxes not to be included in the 10 mill limitation for counties established by s. 200.071, F.S.
The St. Lucie County-Fort Pierce Fire District was created by Ch. 59-1806, Laws of Florida.[1] The district is governed by a seven member board of commissioners.[2] The board is composed of two members from the City Council of the City of Port St. Lucie, two members from the Board of County Commissioners of St. Lucie County, two members from the City Commission of the City of Fort Pierce, and one member appointed by the Governor.[3] The board of commissioners of the district is an independent body rather than the governing body of the county or a municipality.
The board of commissioners of the fire district is authorized to acquire fire fighting equipment, to hire fire fighting personnel, to inspect all property and investigate for fire hazards, and prescribe rules and regulations to carry out these duties.[4]
The board may, by resolution, levy an ad valorem tax upon the property in the district to pay the necessary costs for the maintenance, operation, and support of the district.[5] Taxes levied by the board shall be assessed by the county tax assessor and collected by the county tax collector to be paid over to the board.[6]
Pursuant to its enabling legislation, the board of commissioners shall, on or before November 1 of each year, "make an annual report of its actions and accounting of its funds. . . ." This accounting is to be filed with the clerk of the circuit court of St. Lucie County and is to be kept on file as a public record.[7]
Funds of the district may be expended only for those purposes authorized by the act and must be approved by the board of commissioners.[8]
Thus, it would appear that the budget of the St. Lucie County-Ft. Pierce Fire District is established independently of the budget of any other local governing authority.
Pursuant to s. 9, Art. VII, State Const.:
 (a) Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes . . . for their respective purposes. . . .
 (b) Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; for all municipal purposes, ten mills; for all school purposes, ten mills; . . . and for all other special districts a millage authorized by law approved by vote of the electors. . . .
Section 200.001, F.S., prescribes millages for counties, municipalities, schools and special districts. County dependent special district millage is to be included within the ten mills which a county is authorized to assess and levy.[9] However, the millage of independent special districts is not a component of a county's millage.[10]
For purposes of determination of millage an "[i]ndependent special district" is defined in s. 200.001(8)(e), F.S., as "a special district the governing head of which is an independent body, either appointed or elected, and the budget of which is established independently of the local governing authority. . . ."
As discussed above, the St. Lucie County-Fort Pierce Fire District is governed by an independent body and the district's budget is established independently of the local governing authority. Thus, the district and would appear to be of an "independent special district" as defined in s. 200.001(8)(e), F.S.
You also ask whether the fire district is an independent special district for purposes of s. 200.001(8)(e), F.S., as amended by s. 57, Ch. 89-169, Laws of Florida. The amendment, however, is not effective until July 1, 1990.[11] As amended, "[i]ndependent special district" will mean "a special district that is not a dependent special district as defined in [s. 189.403(2), F.S., as created by s. 3, Ch. 89-169, Laws of Florida.]"[12] A "[d]ependent special district" is one which meets at least one of the following criteria:
 (a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality.
 (b) All members of its governing body are appointed by the governing body of a single county or a single municipality.
 (c) During their unexpired terms, members of the special district's governing body are subject to removal by the governing body of a single county or a single municipality.[13]
 (d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality.[14]
The St. Lucie County-Fort Pierce Fire District would not appear to meet any of the criteria established by s. 189.403(2), F.S., as created by s. 3, Ch. 89-169, Laws of Florida, and would, therefore, be an independent special district for purposes of s.200.001(8)(e), F.S., as amended by s. 57, Ch. 89-169, Laws of Florida.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Chapter 59-1806, Laws of Florida, has been amended by Chs. 61-2758, 65-2191, 67-1991, 69-1545, 69-1548, 69-1552, 78-608, and 83-510, Laws of Florida.
[2] Section 6, Ch. 59-1806, Laws of Florida, as amended by s. 1, Ch. 83-510, Laws of Florida.
[3] Id.
[4] Section 15, Ch. 59-1806, Laws of Florida, as amended by s. 5, Ch. 65-2191, Laws of Florida.
[5] Section 20, Ch. 59-1806, Laws of Florida, as amended by s. 1, Ch. 61-2758, Laws of Florida; and s. 21, Ch. 59-1806, supra, as amended by s. 7, Ch. 65-2191, Laws of Florida.
[6] Section 21, Ch. 59-1806, supra.
[7] Section 17, Ch. 59-1806, Laws of Florida.
[8] Section 19, Ch. 59-1806, Laws of Florida, as amended by s. 6, Ch. 65-2191, Laws of Florida.
[9] Section 200.001(1)(d), F.S.
[10] See, s. 200.001(4), F.S., establishing the millage rate of independent special districts.
[11] Section 57, Ch. 89-169, Laws of Florida.
[12] Section 200.001(8)(e), F.S., as amended, defines "independent special district" in terms of the definition found in s.189.403(3), F.S., created by s. 3, Ch. 89-169, Laws of Florida.
[13] I am not aware of, nor have you advised me of, provisions relating to the removal of commissioners of the St. Lucie County-Ft. Pierce Fire District. However, it would not appear that the combination of city councilmembers and county commissioners serving on the district's board of directors in an ex officio capacity would be "subject to removal by the governing body of a single county or a single municipality."
[14] Section 3, Ch. 89-169, Laws of Florida, effective July 1, 1990.